**In re David M. BAILEY and Kellie M. Bailey, Debtors.**

**No. BKY 07–30119.**

United States Bankruptcy Court, D. Minnesota.

March 30, 2010.

Ronald J. Lundquist, Eagan, MN, for Debtors.

## ORDER DENYING CONFIRMATION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on February 11, 2010, on motion of Jasmine Z. Keller, the Chapter 13 trustee, to modify the debtors' Chapter 13 plan. Margaret Culp appeared on behalf of the trustee and Ronald J. Lundquist appeared on behalf of the debtors. The Court, having heard arguments and received and reviewed briefs filed by the parties and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

The debtors obtained confirmation of a 60–month plan on July 12, 2007. They subsequently obtained confirmation of a modified plan reducing the payment period to 36 months on March 12, 2009. The Chapter 13 trustee filed modified debtors' plan increasing the payment period from 36 to 60 months on January 6, 2010, to conform the plan to what the trustee claims to be the required plan payment period in the Eighth Circuit. The Court concludes that the debtors' modified plan, confirmed on March 12, 2009, is res judicata, subject to amendment only upon substantial change in unforseen circumstances of the debtors' ability to pay. Because the trustee's plan is not based on unforseen changed circumstances of the debtors, it cannot be confirmed.

1. The trustee argues that *In re Clevenger* recognizes that the 60 month payment period is required in a modified plan of an above median income debtor. But, the *Clevenger* court, while discussing the issue, did not decide it. Rather, the court found that the debtor did not demonstrate a substantial change in circumstances that would justify reducing the 60 month payment period if otherwise allowable.
Regardless, the Debtors' Third Amended Plan cannot be confirmed for two reasons.

### II

At bankruptcy filing, the debtors had above-median income as defined by 11 U.S.C. § 1325(b)(4). When a debtor has above-median income, Chapter 13 of the Bankruptcy Code requires that his initial reorganization plan include payment of his "projected disposable income" to his unsecured creditors for an "applicable commitment period" of 60 months. *See* 11 U.S.C. § 1325(b)(1)(B), (b)(3); *Coop v. Frederickson*, 545 F.3d 652 (8th Cir.2008); *In re Washburn*, 579 F.3d 934 (8th Cir.2009). Whether a subsequent plan modification must retain the 60 month commitment is not so clear.[1] *See,* generally, *In re Clevenger*, 2009 WL 3645325, *1 (Bankr.W.D.Mo. Nov. 2, 2009) for a discussion of the relevant case law in the Eighth Circuit.

■   Chapter 13 plans are subject to amendment.

Under 1329 of the Bankruptcy Code, a confirmed plan may be modified at "any time after confirmation of the plan but before the completion of payments" at the request of the debtor, the trustee, or an allowed unsecured creditor. Among other things, a plan may be modified to "increase or reduce the amount of payments on claims of a particular class provided for by the plan" or to "extend or reduce the time for such payments."

*In re Clevenger*, 2009 WL 3645325 (footnotes omitted). The trustee seeks to modify the debtors' plan to restore the 60

First, while the Debtors' circumstances have changed in such a way as to warrant a decrease in the monthly plan payment amount, they have suggested no changed circumstance was warranting a reduction in the plan's duration.
Second, under § 1329(b), a modified plan must still meet, inter alia, § 1325(a)(3)'s good faith test.
*In re Clevenger*, 2009 WL 3645325, *2.

month pay period excluded from their March, 2009, modified plan.

■ Confirmed plans are also subject to the doctrine of res judicata.

Although the issue is disputed, many courts hold that § 1329 permits modifications to a confirmed plan only when there has been a post-confirmation change in circumstances. The Eighth Circuit has not directly faced the issue, but has, albeit in dicta, endorsed the notion that a substantial change in circumstances is required for a plan modification under § 1329(a). I recently agreed with those courts which have held that, "[t]o avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated substantial change in circumstances affecting the debtors' ability to pay."

*In re Clevenger,* 2009 WL 3645325 at *2. *See also, United Student Aid Funds, Inc. v. Espinosa,* 2010 WL 1027825 (U.S. March 23, 2010) (order confirming a Chapter 13 plan is a final judgment); and, *In re Guernsey,* 189 B.R. 477, 483 (Bankr.Minn. 1995) (approval of proposed modifications should be based on substantial changes in circumstances, either of the debtor or of allowed claims, that were unforeseeable at the time of confirmation; and, that either render the existing plan unfeasible, or that make possible substantially enhanced dividends to creditors).

■ The trustee's modified plan is not based on any unforseen changes in the debtors' ability to pay. The existing modified plan, confirmed on March 12, 2009, was duly noticed and was confirmed without objection. The trustee's proposed modification is simply a collateral attack on the March 2009 confirmed modified plan that was not objected to and from which no appeal was taken. The doctrine of res judicata bars consideration of the trustee's modified plan.

## III

For these reasons, the Court concludes that the trustee's modified plan is not confirmable.

Accordingly, it is hereby **ORDERED:**

Confirmation of the trustee's proposed modified plan to restore a 60 month payment period to the debtors' payment obligations is DENIED.